David WEATHERSPOON,
Plaintiff–Appellant

v.

John D. FERGUSON, President, CCA;
Christopher B. Epps, Commissioner,
Mississippi Department of Correc-
tions; Raymond Byrd, Warden for
CCA; Kimberly Kent Rokasky, Mail-
room Clerk for CCA, Defendants–Ap-
pellees.

No. 08–60210.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 2008.

David Weatherspoon, Greenwood, MS,
pro se.

Before KING, DENNIS, and OWEN,
Circuit Judges.

PER CURIAM: *

David Weatherspoon, Mississippi prison-
er # 39891, moves for leave to proceed in
forma pauperis (IFP) on appeal from the
district court's dismissal of his 42 U.S.C.
§ 1983 complaint for failure to state a
claim. In his complaint, Weatherspoon al-
leged that various officials affiliated with
the Corrections Corporation of America–
Delta Correctional Facility and the Missis-
sippi Department of Corrections tampered
with his mail. Weatherspoon specifically
alleged that his legal mail, which was
sealed and properly stamped, was improp-
erly returned to him on the ground that it
had not been processed in accordance with
prison regulations. Weatherspoon argued
that the defendants' actions denied him
access to the courts and violated the
Fourth Amendment.

By moving for leave to proceed IFP,
Weatherspoon is challenging the district
court's certification that his appeal was not
taken in good faith. *See Baugh v. Taylor,*
117 F.3d 197, 202 (5th Cir.1997); 28 U.S.C.
§ 1915(a)(3); FED. R.APP. P. 24(a)(3). For
the reasons detailed below, Weather-
spoon's motion for IFP is GRANTED.

A prison official's interference with a
prisoner's legal mail may violate the pris-
oner's constitutional right of access to the
courts. *Brewer v. Wilkinson,* 3 F.3d 816,
820 (5th Cir.1993). However, to state a

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim based on delay or interference with the mail, a plaintiff must show actual injury. *See Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998). In this context, an inmate shows an actual injury by establishing that "his position as a litigant was prejudiced" due to the disputed acts. *Walker v. Navarro County Jail,* 4 F.3d 410, 413 (5th Cir.1993).

Weatherspoon has not alleged that he suffered any actual prejudice due to the defendants' purported interference with his mail. His claim that he was denied access to the courts therefore does not involve legal points arguable on their merits. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotations and citations omitted). Accordingly, this portion of the district court's judgment is AFFIRMED.

However, although Weatherspoon alleged in his § 1983 complaint that the defendants' actions interfered with his right to be free from an illegal search and seizure, the district court failed to address whether Weatherspoon had stated a claim under the Fourth Amendment. Consequently, the district court's conclusion that Weatherspoon's complaint did not form a basis for relief, and its resulting certification that Weatherspoon's motion to proceed IFP on appeal was not taken in good faith, were erroneous. Whether the facts ultimately establish a Fourth Amendment claim is not a question to be answered at this stage of the proceedings. *See Howard,* 707 F.2d at 220. The district court's dismissal of Weatherspoon's Fourth Amendment claim is VACATED and REMANDED for further proceedings.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.